UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO: 0:23-cv-62150-WPD

SAMANTHA EGAN,

    Plaintiff,
v.

BELCARRA, INC., a Florida corporation,
BELCARRA, II, INC., a Florida corporation,
THOMAS J. KEANEY, individually, and
TRINIDAD KEANEY, individually,

    Defendants.
_____/

## JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT AND FOR ORDER OF DISMISSAL WITH PREJUDICE

Plaintiff, SAMANTHA EGAN ("EGAN"), and Defendants, BELCARRA, INC., BELCARRA– II, INC., THOMAS J. KEANEY, and TRINIDAD KEANEY, (collectively referred to as "the Parties"), by and through undersigned counsel, file this Joint Motion for Court Approval of Settlement Agreement and for Order of Dismissal with Prejudice, as follows:

### I.    FACTUAL BACKGROUND

Plaintiff filed her complaint against Defendants on November 12, 2023. *D.E. 1*. Plaintiff's complaint alleges one count for federal minimum wage violations, and another found for federal overtime wage violations, pursuant to *29 U.S.C. § 201 et seq*. ("FLSA"). Defendants deny Plaintiff is entitled to any minimum wage or overtime compensation whatsoever. In order to avoid the further expense and uncertainty of litigation, the Parties negotiated a settlement agreement ("the Agreement") and reached an accord on all material terms. Defendants seek to resolve the claim without any admission that Plaintiff was not properly compensated while employed with

Defendants.[1] Further, Plaintiff's attorney's fees and costs in resolving his claims were negotiated independently and separately from the settlement of Plaintiff's wage claims. Therefore, the Settlement Agreement provides Plaintiff with fair and reasonable compensation for their FLSA claims. Accordingly, the Parties respectfully request that this Honorable Court grant their Motion for Court Approval of Settlement Agreement and for Order of Dismissal with Prejudice, with each party to bear their respective fees and costs.

## II.     **MEMORANDUM OF LAW**

Unlike many other legal claims, parties may not bargain away the FLSA's protections. *See* Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 708 (1945) ("[T]he same policy which forbids employee waiver of the minimum statutory rate because of inequality of bargaining power prohibits these same employees from bargaining with their employer in determining whether so little damage was suffered that waiver of liquidated damages is called for"). There are only two ways in which back wages claims arising under the FLSA can be settled or compromised by employees. *See, e.g.,* Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir. 1982). First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. *Id.* at 1353. The only other route for compromise of FLSA claims is provided in the context of lawsuits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. *Id.*

The district court may enter a stipulated judgment in an FLSA case "after scrutinizing the settlement for fairness." *See* Powell v. Carey Int'l, Inc., 483 F.Supp.2d 1168, 1177 n. 9 (S.D. Fla. 2007) *quoting* Lynn's Food Stores, Inc., 679 F.2d at 1353-55 (Court should determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute"); *See* Guzman v. Great Room

---

[1] A copy of the Agreement is attached as *Exhibit "A."*

Design & Manufacturing LLC, 20098 WL 10667254 at *1 (S.D. Fla. April 17, 2019) (Judge Graham approving FLSA Settlement Agreement upon finding that it was a fair and reasonable resolution of a bona fide dispute over FLSA provisions); Dalton v. Physicians Stat Lab, Inc., 2019 WL 1093438 at *2 (M.D. Fla. Feb. 6, 2019) (Conway J.) (adopting report and recommendation to approve FLSA settlement agreement when Plaintiff recovered half of damages claimed in Answer to Court's Interrogatories and finding fees were fair and reasonable when they were negotiated without regard to amount Plaintiff agreed to accept in the settlement); Dell Valle v. Digital Risk, LLC, 2014 WL 5038617, at *1 (M.D. Fla. Sept. 29, 2014) (Presnell, J.) (adopting Magistrate Judge Kelly's Report and Recommendation for approval of FLSA Joint Settlement Agreement where attorneys received $10,000.00 out of a total settlement of $20,000.00).  If a settlement in an FLSA dispute reflects a reasonable compromise over issues that are actually in dispute, such as FLSA coverage, the district court is permitted to review and approve the settlement in order to promote the policy of encouraging settlement of litigation.  *See* Lynn's Food Stores, Inc., 679 F.2d at 1353.

      Here, the Parties respectfully submit that the terms set forth within the settlement agreement entered into between the parties was a "fair and reasonable resolution" of Plaintiff's FLSA claims.  This case involves contested issues of liability and the amount of minimum wage and overtime damages, if any. Indeed, Defendants allege that Plaintiff was paid properly for all hours of work she performed. Had the Plaintiff and Defendants proceeded to trial, a jury could have determined that Plaintiff was not entitled to the recovery she sought, in which case she would recover nothing.  Instead, Plaintiff and Defendants negotiated a payment through counsel that is satisfactory to the Parties.  Without admitting any liability as to the alleged overtime violations, Defendants have agreed to pay Plaintiff an amount for the alleged unpaid wages and liquidated damages, as allocated in the Parties' settlement agreement. *Exhibit "A."* The undersigned counsel,

who are experienced in wage and hour matters, view the reached-upon settlement as a fair outcome for the Parties. Defendants and counsel for Plaintiff separately negotiated attorney's fees and costs without compromising Plaintiff's claim. *See* Declaration of Jordan Richards, Esq. attached hereto as Exhibit "B". Defendant does not object to Plaintiff's Counsel's hourly rates or recovery of attorneys' fees and costs. Plaintiff's Counsel has accepted a 60.86 percent ($23,325.65) reduction to the lodestar attached to the Declaration as Exhibit "1". Therefore, the settlement terms represent a fair and reasonable resolution of this matter in light of the contested issues in this case.

### III.   CONCLUSION

**WHEREFORE**, for the reasons set forth herein, the Parties respectfully submit that the terms set forth with the Settlement Agreement constitute a fair and reasonable resolution of their FLSA dispute, and request this Honorable Court approve the Settlement Agreement attached hereto, enter a dismissal with prejudice, and retain jurisdiction over enforcement of the Settlement Agreement for up to sixty (60) days.

**Dated: June 18, 2024**

Respectfully Submitted,

| | |
|---|---|
| **USA EMPLOYMENT LAWYERS - JORDAN RICHARDS, PLLC**<br>1800 SE 10th Ave, Suite 205<br>Fort Lauderdale, Florida 33316<br>Ph: (954) 871-0050<br>*Counsel for Plaintiff*<br><br>By: */s/ Michael V. Miller*<br>JORDAN RICHARDS, ESQUIRE<br>Florida Bar No. 108372<br>MICHAEL V. MILLER, ESQUIRE<br>Florida Bar No. 64005<br>Jordan@jordanrichardspllc.com<br>Michael@USAEmploymentLawyers.com | **LAW OFFICES OF SEILER, SAUTTER, ZADEN, RIMES & WAHLBRINK**<br>2850 North Andrews Avenue<br>Fort Lauderdale, Florida 33311<br>Ph: (954) 871-0050<br>*Counsel for Defendants*<br><br>By: */s/ John P. Seiler*<br>JOHN P. SEILER, ESQUIRE<br>Florida Bar No. 776343<br>jseiler@sszrlaw.com |

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on this 18th day of June 2024.

By: <i>/s/ Michael V. Miller</i><br>
MICHAEL V. MILLER, ESQUIRE<br>
Florida Bar No. 64005

## SERVICE LIST

**JOHN P. SEILER**
Fla. Bar No. 776343
jseiler@sszrlaw.com
**LAW OFFICES OF SEILER, SAUTTER,
ZADEN, RIMES & WAHLBRINK**
2850 North Andrews Avenue
Fort Lauderdale, Florida 33311
Tel: (954) 568-7000
*Counsel for Defendants*