# SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and General Release ("Agreement") is made and entered into by and between BELCARRA, INC., BELCARRA - II, INC., THOMAS J. KEANEY, and TRINIDAD KEANEY (collectively referred to throughout this Agreement as "EMPLOYER") and SAMANTHA EGAN, on behalf of herself, her heirs, executors, administrators, successors, and assigns (singularly and collectively referred to throughout this Agreement as "EGAN").

WHEREAS, a dispute has arisen between EMPLOYER and EGAN concerning allegations that EGAN has made in the civil action styled as *Samantha Egan v. Belcarra Inc., et al.*, Case No.: 0:23-cv-62150-WPD, currently pending before the Southern District of Florida, Fort Lauderdale Division ("Action"). WHEREAS, EMPLOYER denies any wrongdoing whatsoever and denies all of EGAN's allegations and claims asserted in the Lawsuit; and

WHEREAS, EGAN and EMPLOYER are collectively referred to herein as "Parties".

WHEREAS, in the interest of avoiding further litigation, the Parties have agreed to resolve EGAN's claims for alleged violations of the provisions of the FLSA.

NOW, THEREFORE, in consideration of the covenants contained herein, the payment from and/or on behalf of EMPLOYER to EGAN, and other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties hereto agree as follows:

1. **Recitals**. The foregoing recitals are true and correct.

2. **Settlement of Disputed Claims**. The Parties acknowledge and agree that this Settlement Agreement is given in compromise of disputed claims and any payment made hereunder shall not be construed as an admission of liability by EMPLOYER. Without admitting any wrongdoing or liability, the Parties to this Agreement desire to amicably resolve all disputes between them arising from or related to EGAN's FLSA claims, including without limitation, disputes related to damages, interest, attorneys' fees, and costs that EGAN alleged in the Lawsuit.

3. **Settlement Payment**. In consideration for the release set forth herein, and without admission of any liability by EMPLOYER and in full satisfaction of EGAN's claims against EMPLOYER for purported violations of the FLSA, EMPLOYER agrees to remit the total sum of THIRTY-EIGHT THOUSAND DOLLARS AND ZERO CENTS ($38,000.00), inclusive of attorneys' fees and costs, in lawful money of the United States of America, receipt of which is hereby acknowledged (hereinafter referred to as the "Settlement Payments"), as follows:

   A. One check totaling Eleven Thousand Five Hundred Dollars and zero cents ($11,500.00), minus applicable withholdings and/or standard legal deductions, made payable to "Samantha Egan," which is attributable to all purported unpaid wages that EGAN alleged against EMPLOYER, and for which an I.R.S. Form W-2 shall be issued to EGAN.

B. One check totaling Eleven Thousand Five Hundred Dollars and zero cents ($11,500.00), made payable to "Samantha Egan," which is attributable to EGAN's purported liquidated damages and for which an I.R.S. Form 1099 shall be issued to EGAN; and

C. One check collectively totaling Fifteen Thousand Dollars and zero cents ($15,000.00) made payable to "Jordan Richards, PLLC," which is attributable EGAN's alleged attorneys' fees and costs incurred in the Lawsuit and for which separate I.R.S. Form 1099s shall be issued to EGAN and Jordan Richards, PLLC.

The Settlement Payments shall be mailed to the following address: Jordan Richards, PLLC, Attn: Jordan Richards, Esq., 1800 Southeast 10th Ave, Suite 205, Fort Lauderdale, FL 33316, within twenty-one (21) calendar days of EGAN providing EMPLOYER with a fully executed copy of this Agreement, separate I.R.S. form W-9s fully executed by EGAN and EGAN's counsel, an IRS form W4 fully executed by EGAN, and the Court's entry of an Order approving this Settlement Agreement and dismissing EGAN's alleged unpaid wage claims with prejudice.

4. **Release**. Except for the obligations and performances due under this Agreement, EGAN hereby releases, acquits, satisfies, and forever discharges EMPLOYER from any and all claims, rights, liabilities, damages, relief, and causes of action of whatever kind and character, in law or in equity, both known and unknown, suspected or unsuspected, disclosed and undisclosed, arising under the FLSA or any other federal, state or local wage law that EGAN alleged or could have alleged against EMPLOYER that allegedly accrued or may have accrued through the date of EGAN's execution of this Agreement.

5. **Attorneys' Fees**. Other than the payment of EGAN's attorneys' fees and costs provided for in Paragraph 3 of this Agreement, each party in the Lawsuit shall bear their own attorneys' fees, costs, and court costs incurred in the Lawsuit.

6. **Denial Of Any Violation—Agreement Not Evidence.** EMPLOYER expressly denies any violation of any of state or federal laws or regulations. Accordingly, while this Agreement resolves all issues between EGAN and EMPLOYER relating to any alleged violation of any state law, federal law, or regulations, this Agreement does not constitute an adjudication or finding on the merits and it is not, and shall not be construed as, an admission by EMPLOYER of any violation any state law, federal law, or regulation. Moreover, neither this Agreement nor anything in this Agreement shall be construed to be or shall be admissible in any proceeding as evidence of or an admission by EMPLOYER of any violation of any state law, federal law, or regulations. This Agreement may be introduced, however, in any proceeding to enforce the Agreement.

7. **Warranty Of Non-Transfer of Released Matter**. EGAN warrants and represents that she has not previously assigned or transferred to any person not a party to this Agreement any released matter or any part or portion of the released matter and EGAN shall defend, indemnify, and hold EMPLOYER harmless from and against any claim, including the payment of attorneys' fees and costs actually incurred, whether or not litigation is commenced, based on or in connection with or arising out of any such assignment or transfer that is made, purported, or claimed.

2

8. **Medicare**. Employee affirms that as of the date EGAN signs this Agreement, EGAN is not Medicare eligible (i.e., is not 65 years of age or older; is not suffering from end stage renal failure; has not received Social Security Disability Insurance benefits for 24 months or longer, etc.). Nonetheless, if the Centers for Medicare & Medicaid Services (CMS) (this term includes any related agency representing Medicare's interests, as well as any insurance carrier providing benefits under Medicare Part C or Part D) determines that Medicare has an interest in the payment to EGAN under this settlement, EGAN agrees to (i) indemnify, defend and hold EMPLOYER harmless from any action by CMS relating to medical expenses of EGAN, (ii) reasonably cooperate with EMPLOYER upon request with respect to any information needed to satisfy the reporting requirements under Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007, if applicable, and any claim that the CMS may make and for which EGAN is required to indemnify EMPLOYER under this paragraph, and (iii) waive any and all future actions against EMPLOYER for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A).

9. **Full Understanding and Voluntary Acceptance**. In entering this Agreement, EGAN represents that she has relied on the advice of her attorney(s), who is/are the attorney(s) of her own choice, and that the terms of this Agreement have been completely read and explained to EGAN by her attorney(s), and that those terms are fully understood and voluntarily accepted by EGAN. The undersigned individuals declare, covenant, and warrant that she/he is over the age of eighteen (18) years, and that she/he is not suffering from any legal, mental or physical disabilities which would impair or disable them from executing this Agreement and that there has been no representations and/or statements made by the Parties hereto or their agents, insurers, or representatives to influence the undersigned individuals in making or executing this Agreement.

10. **Further Executions**. EGAN agrees to cooperate fully and to execute any and all supplementary documents and to take all additional actions that may be necessary or appropriate to give full force to the basic terms and intent of this Agreement, and which are not inconsistent with its terms.

11. **Confidentiality and Non-Disparagement**.

(a) EGAN, on behalf of herself, her attorneys, representatives, agents, family members, and all others, agrees that the terms, conditions, and parties of and to this Agreement, including any payments made hereunder, shall remain strictly confidential between the Parties and shall not be disclosed or made known to any third person or party unless such disclosure is permitted by law. Without limiting the generality of the foregoing, EGAN, her attorneys, representatives, agents and/or family members will not respond to or in any way participate in or contribute to any public discussion, notice or other publicity concerning, or in any way related to, the execution or the terms and conditions of this Agreement which have occurred since and will occur from this date forward, to include publication of EGAN's allegations against EMPLOYER, nor the terms of the Agreement on any website, including, but not limited to, blogs and social media sites, such as Facebook, MySpace, Twitter, Instagram, LinkedIn, Google +, YouTube and Vine, and/or advertising material. Additionally, the Parties agree that any dissemination of the terms and conditions of this Agreement or disclosure in violation of the foregoing after the effective date of this Agreement by EGAN, her attorneys, representatives, agents, and/or family members shall constitute and be treated as a material breach of this Agreement. EGAN shall be responsible for assuring that her attorneys, agents, representatives, other professional advisors, her spouse, and/or

3

family members comply with the nondisclosure commitments of this section. A breach by EGAN's attorneys, representatives, agents, other professional advisors, spouse, and/or family members will be considered a breach by EGAN.

(b)     EGAN agrees to refrain from making statements that are maliciously disparaging or defamatory about EMPLOYER, or EMPLOYER' customers, suppliers, or vendors, including but not limited to communications on social media websites such as Facebook, X, LinkedIn, or Glassdoor on blogs, by text or email or other electronic means.  This provision does not prohibit EGAN from making truthful statements about the terms or conditions of Employee's employment, or from exercising EGAN's rights under the National Labor Relations Act, government whistleblower programs, or whistleblowing statutes or regulations. EGAN understands and agrees that this Paragraph and its subsections is a material provision of this Agreement and that any breach of this Paragraph shall be a material breach of this Agreement, and that EMPLOYER would be irreparably harmed by violation of this provision.

12.     **Re-Employment and Future Employment**.  EGAN hereby waives any right or claim to reinstatement as an employee of EMPLOYER and agrees that she will not knowingly seek or accept employment in the future with EMPLOYER or any of its parent corporations, subsidiaries, affiliated entities, successors, or assigns.  If, through mistake or inadvertence or otherwise, EGAN applies for employment with EMPLOYER, then EGAN shall withdraw her application immediately upon receiving notice of same, and to the extent that EGAN has already been hired, EGAN will resign immediately upon being given notice of her employment with EMPLOYER or any of its parent corporations, subsidiaries, affiliated entities, successors, or assigns.

13.     **Neutral Reference**.  To the extent any employer or prospective employer of EGAN contacts EMPLOYER concerning EGAN, EMPLOYER shall provide only EGAN's dates of employment and last position held.

14.     **Acknowledgment**.  The Parties represent and acknowledge that they have read this Agreement and have executed the same after first conferring with counsel and that they have not in any way relied upon any promise or representation of the other Party, or the other Party's counsel, in making this Agreement.

15.     **Authority**.  Each of the Parties warrants to each other that each has full power, authority, and capacity to execute this Agreement.  The Parties represent to each other that the effect of this Agreement has been fully explained to each of them and the Agreement is understood and agreed to by them.  EGAN warrants and represents that she is the owner of the claims asserted in the Lawsuit and has not transferred or assigned, or purported to assign or transfer, to any person, firm, corporation, association, or entity whatsoever any released claim.

16.     **Joint Authorship**.  This Agreement is deemed to have been drafted jointly by the Parties. Any uncertainty or ambiguity shall not be construed for or against any other party based on attribution of drafting to any party.

17.     **Complete Agreement**.  This Agreement constitutes and contains the entire Agreement and understanding with respect to the subject matter hereof between the Parties and

supersedes and replaces all prior discussions, agreements, negotiations, and understandings, proposed or otherwise, both written and oral, between the Parties with respect to the subject matter hereof. The Parties acknowledge and agree that each and every term contained in this Agreement, constitutes an essential term of the Agreement, and that this is an integrated document. Further, the terms of this Agreement are contractual, not mere recitals, and may be enforced in Court. This Agreement may not be modified, altered or changed except upon express written consent of both Parties wherein specific reference is made to this Agreement.

18. **Headings Not Binding**. The use of headings in this Agreement is only for ease of reference, and the headings have no effect and are not to be considered part of or a term of this Agreement.

19. **Payment of Taxes**. EGAN agrees that she shall be exclusively liable for the payment of all federal and state taxes which may be due as a result of the consideration received from the settlement of disputed claims as set forth in this Agreement, and EGAN represents that she shall make payments on such taxes at the time and in the amount required of EGAN. In addition, EGAN agrees to fully defend, indemnify and hold EMPLOYER harmless, from and against any and all claims, taxes, penalties, damages, losses, liabilities, and/or obligations, asserted, imposed and/or threatened, against EMPLOYER by any person or entity relating, directly or indirectly, to the monies received by EGAN hereunder, including, without limitation, EGAN, the Internal Revenue Service, or any other person or entity.

20. **Severability**. Should any provision of this Agreement be declared or be determined by any Court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

21. **Governing Law.** This Agreement is made and entered into in the State of Florida, and shall in all respects be interpreted, enforced and governed under the laws of the State of Florida.

22. **Selective Enforcement**. The Parties agree that the failure of any party to enforce or exercise any right, condition, term or provision of this Agreement shall not be construed as or deemed to be a waiver or relinquishment thereof, and the same shall continue in full force and effect.

23. **Litigation—Costs and Expenses**. In the event of litigation in connection with or concerning the subject matter of this Agreement, the prevailing party shall be entitled to recover all costs and expenses incurred by the prevailing party in connection with the litigation, including reasonable attorneys' fees and costs.

24. **Facsimile and Counterparts**. This Agreement may be signed in counterpart and shall become binding once all the Parties have affixed their signatures hereto. While it is the intention of the Parties to exchange original executed settlement papers, a facsimile signature, a scanned and e-mailed signature, and/or electronically signed copy of this Agreement shall be sufficient for all purposes, including enforcement.

5

EGAN ACKNOWLEDGES THAT EGAN HAS HAD A REASONABLE PERIOD OF TIME TO CONSIDER THIS AGREEMENT.  EGAN FURTHER ACKNOWLEDGES THAT EGAN HAS BEEN ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING THIS AGREEMENT AND HAS IN FACT OBTAINED LEGAL REPRESENTATION ABOUT THE DECISION TO ENTER INTO THIS AGREEMENT BY EGAN'S COUNSEL, AND SO DOING, ENTERS INTO THIS AGREEMENT.

EGAN FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS EGAN HAS OR MIGHT HAVE AGAINST EMPLOYER.

[SIGNATURE PAGES TO FOLLOW]

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Settlement Agreement and Release on the date(s) set forth below:

*[Signature]*
Samantha Egan (May 30, 2024 13:35 EDT)

**Samantha Egan**

May 30, 2024

**Date**

**BELCARRA, INC.**

By: _[DocuSigned signature: BED5F7AA634A428...]_

Name: Trinidad Keaney

Title: Vice President

Date: 6/18/2024

**BELCARRA II, INC.**

By: _[DocuSigned signature: BED5F7AA634A428...]_

Name: Trinidad Keaney

Title: Vice President

Date: 6/18/2024

_[DocuSigned signature]_
**THOMAS J. KEANEY** [Signed by: Trinidad Keaney with Power of Attorney]

Date: 6/18/2024

**TRINIDAD KEANEY**
_[DocuSigned signature]_
Date: 6/18/2024

7